IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEENA ROGALSKI,<br><br>    Plaintiff,<br><br>        v.<br><br>GREGORY T. WHITE, et al.,<br><br>    Defendants. | Civil Action<br><br>No. 21-3103 |

**MEMORANDUM**

**J. Younge**                                                                                      **January 30, 2024**

**I.      INTRODUCTION**

Currently before this Court are Defendants Highpoint Pain & Rehabilitation Physicians, P.C. and Huaguang Qu, M.D.'s Motion for Summary Judgment (ECF No. 87)[1] and Plaintiff Sheena Rogalski's Motion for Partial Summary Judgment (ECF No. 92).  The Court finds these Motions appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, these Motions are Denied.

**II.     FACTUAL BACKGROUND**

Plaintiff Sheena Rogalski is the widow of Richard Rogalski, who died of cancer on March 24, 2021 at the age of 69, and the Executrix of his Estate.  (Complaint ¶¶ 4 & 160, ECF No. 1.)  Mr. Rogalski was diagnosed with metastatic colon cancer on August 14, 2019.  (Complaint ¶ 68, ECF No. 1.)  Having concerns about the effects of chemotherapy, the Rogalskis consulted with Nonmoving Defendant Gregory White, the owner of Nonmoving Defendant

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

Healing Place Medical, P.C. (hereinafter "HPM"),[2] who expressed that HPM could treat Mr. Rogalski's diagnosis with stem cell derived products like exosomes. (Complaint ¶¶ 13, 62-72, ECF No. 1.) Plaintiff alleges that the use of exosomes in treatment is not permissible under Pennsylvania's Right-to-Try Act and not approved for use by the Federal Drug Administration. (Complaint ¶¶ 21, 27 & 136, ECF No. 1.)

Notwithstanding HPM's inclusion of the word 'Medical' in its name, Mr. White was a licensed chiropractor and could not serve as the Medical Director, and so enlisted Moving Defendant Dr. Huaguang Qu, a physician employed at Moving Defendant Highpoint Pain & Rehabilitation Physicians, P.C. (hereinafter "Penn Pain"), as its Medical Director and as the collaborating physician for HPM's Certified Registered Nurse Practitioners (hereinafter "CRNP"). (Plaintiff's Statement of Undisputed Material Facts (hereinafter "SUMF") ¶¶ 1-2, ECF No. 91; Defendants Penn Pain & Dr. Qu's Motion for Summary Judgment (hereinafter "Defendants' Motion"), ECF No. 87, p. 4.) Dr. Qu has stated that he's never visited HPM and never met with HPM's CRNPs. (Plaintiff's SUMF ¶¶ 63, 81-83, ECF No. 91.) He has also stated that he neither treated nor met Mr. Rogalski. (Defendants' Motion, ECF No. 87, pp. 3-4.) Dr. Qu contends that he resigned as Medical Director of HPM sixty (60) days after an August 1, 2019 email to Mr. White indicating his intention to resign, but Dr. Qu maintained his collaborative agreement with CRNP Mungai until 2021, continued to hold shares, and remained insured under HPM's malpractice policy until February 2020. (Plaintiff's SUMF ¶¶ 91-96, ECF No. 91.)

---

[2] Plaintiff settled with Defendants HPM, White, Cami White, and Certified Registered Nurse Practitioner Margaret Mungai in a Court-approved joint tortfeasor settlement. (ECF No. 37). Although these Defendants have settled, they remain on the verdict sheet as the remaining Defendants may still argue that liability remains with the Settling Defendants.

Mr. Rogalski was administered "exercise with oxygen" treatment in October 2019, neurofeedback therapy between October 2019 and January 2020, and exosome injections – from a product intended for topical use only – in October and November 2019.  (Complaint ¶¶ 92-125, ECF No. 1; Plaintiff's SUMF ¶¶ 111-12, 124-25, ECF No. 91.)  These treatments were not effective in treating Mr. Rogalski's condition and, Plaintiff alleges, could not have been.  (Complaint ¶¶ 93, 102 & 128, ECF No. 1; Plaintiff's SUMF ¶¶ 143-48, ECF No. 91.)  Mr. Rogalski received his last treatment from Defendants on January 9, 2020 and thereafter sought chemotherapy treatment from an oncologist.  (Complaint ¶¶ 149, 157-158, ECF No. 1.)  He died on March 24, 2021.  (Complaint ¶ 160, ECF No. 1.)

Plaintiff filed her Complaint on July 13, 2021, alleging and claiming damages for violations of the Racketeer Influenced and Corrupt Organizations (hereinafter "RICO") Act, 18 U.S.C. § 1962(c), conspiracy to violate the RICO Act in violation of 18 U.S.C. § 1962(d), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 – 201-9.2, civil conspiracy, civil aiding and abetting, negligence, corporate negligence, conversion, lack of informed consent, intentional infliction of emotional distress, fraud, loss of consortium, costs of survival, and wrongful death.  (Complaint, ¶¶ 170-327, ECF No. 1.)  Defendants Penn Pain and Dr. Qu filed their Motion for Summary Judgment on January 5, 2024, arguing that they lack liability as they had never treated Mr. Rogalski.  *See* ECF No. 87.  Plaintiff filed her Motion for Partial Summary Judgment against Dr. Qu, arguing that he had a duty of care to Mr. Rogalski by virtue of his role in HPM.  *See* ECF No. 92.

### III. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law". *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

There are genuine disputes of material facts in this case that preclude summary judgment for either party. Because Non-Moving (and Settling) Defendant White is not a Medical Doctor, he could not serve as the Medical Director of his own business, HPM. For the business to operate, he needed a licensed Medical Doctor to serve as Medical Director. Defendant Dr. Qu was recruited to serve as Medical Director. As Medical Director of HPM, Dr. Qu was, for all intents and purposes, the key medical professional on staff that facilitated the operation of the clinic. Dr. Qu held supervisory responsibility for all staff and the treatment of the patients being treated by that staff. Even though Dr. Qu was held out by HPM as its Medical Director during the period in which the Rogalski's were seeking treatment options from HPM, and despite being the Supervising Physician for CRNP Mungai, who administered allegedly ineffective treatments on Mr. Rogalski, Defendants argue that, because Dr. Qu never saw or treated Mr. Rogalski, they are entitled to summary judgment. Whether or not the Moving Defendants owed a professional duty of care to Mr. Rogalski, and then breached that duty through a lack of oversight and supervision, allowing for the continuous provision of fraudulent, bogus, and sham medical oncology treatments and ultimately resulting in the decease of Mr. Rogalski, is the very heart of Plaintiff's claims against the Defendants. These issues of fact would be more appropriately decided by a jury. As such, neither party is entitled to judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendants Highpoint Pain & Rehabilitation Physicians, P.C. and Huaguang Qu, M.D.'s Motion for Summary Judgment and Plaintiff Sheena Rogalski's Motion for Partial Summary Judgment are Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**